# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FOREST GUARDIANS,

    Plaintiff,

vs.                                          No. CIV 98-0683 JC/RLP (ACE)

CAROL BROWNER, in her official
capacity as Administrator,
Environmental Protection Agency,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the City of Aztec, the City of Socorro and the City of Farmington's Motion for Leave to Intervene, filed October 8, 1998 *(Doc. 13)*. The Court has reviewed the motion, the memoranda submitted, and the relevant authorities. The Court finds that the motion is well taken and will be granted.

This case involves ten National Pollution Discharge Elimination System ("NPDES") permits issued by the Environmental Protection Agency ("EPA") under the Clean Water Act. NPDES permits are designed to control surface water pollutants. *See* 33 U.S.C. § 1342. Plaintiff claims the permits Defendant issued did not comply with Section 7 of the Endangered Species Act ("ESA"). Specifically, Plaintiff claims Defendant violated the ESA by "issuing NPDES permits before conducting the consultation process required by the ESA" and failing "to reinitiate consultation with the [Fish and Wildlife Service] on how existing NPDES permits may affect protected species." *See* Complaint at 3. The Cities of Aztec, Socorro and Farmington ["the Cities"] each hold one of the

NPDES permits for their respective water treatment plants. The Cities claim that requiring the EPA to comply with Section 7 of the ESA will amount to a significant procedural change in the permitting process, and could lead to additional cost and complications for the cities.

The Cities move to intervene under Federal Rule of Civil Procedure 24(a)(2). Under Rule 24(a)(2),

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). Thus, for intervention to be proper, an applicant must: (1) be timely; and (2) claim an interest that (a) relates to the property or transaction which is the subject of the action; (b) is impaired or impeded; and (c) is not adequately represented by the existing parties. *See Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Department of Interior*, 100 F.3d 837, 840 (10th Cir. 1996).

In this case I find that the elements for intervention under Rule 24(a)(2) have been satisfied. The Cities filed this motion one week after their unsuccessful bid for a temporary restraining order. This motion was filed a mere five months after the case was filed. Because this case is still in its infancy, there will be no prejudice to the existing parties.

Additionally, the Cities' interest is "direct, substantial and legally protectable." *Id.*, 100 F.3d 840-41. The permits are of vital and direct interest to the Cities because they affect the operation of the water treatment plants. If Plaintiff is successful, the terms of the permits will change and the Cities will be forced to spend large sums of money to comply. An alteration of the permits will also be directly appealable by the cities. Thus, the Cities have a direct, substantial and legally protectable

interest in this lawsuit. *See Sierra Club v. United States Envtl. Protection* Agency, 995 F.2d 1478, 1482-83 (9th Cir. 1993); *see also Conservation Law Found. v. Mosbacher,* 966 F.2d 39 (1st Cir. 1992).

Finally, the existing parties do not adequately represent the Cities' interest. The EPA is tasked with representing the broad national interest, in addition to the internal decision making process of themselves. These interests may come in conflict with the Cities' local interest. Consequently, the Cities' motion to intervene will be granted.

IT IS HEREBY ORDERED that the City of Aztec, the City of Socorro and the City of Farmington's Motion for Leave to Intervene, filed October 8, 1998 *(Doc. 13)*, is **granted**.

DATED this 17th day of December, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Steven Sugarman<br>Santa Fe, New Mexico |
| Counsel for Intervenors: | Daniel R. Dolan<br>Dolan & Domenici, P.C.<br>Albuquerque, New Mexico |